LEMON *v.* McBRIDE.

TROVER—EVIDENCE—CHATTEL MORTGAGES—FORECLOSURE.

Plaintiff brought an action of trover for tools which he had mortgaged to defendant, claiming that the latter received them under an agreement permitting a year for redemption, and that the amount due was within the year tendered and refused. Defendant claimed that the mortgage was foreclosed; that he offered to sell the tools back to plaintiff for less than the amount due upon the mortgage, which was refused; that the alleged tender was insufficient; and that, before it was made, he had sold some of the tools. *Held:*

(1) That a charge withdrawing all questions from the jury except the amount of damages was error.

(2) That plaintiff might be asked on cross-examination to identify certain of the tools, and to state their value.

(3) That it was competent to show that plaintiff endeavored to buy the tools back from defendant, and that defendant offered them for less than the amount due on the mortgage.

Error to Shiawassee; Smith, J. Submitted April 24, 1903. (Docket No. 58.) Decided September 15, 1903.

Trover by Joseph N. Lemon against James McBride. From a judgment for plaintiff, defendant brings error. Reversed.

*A. L. Chandler*, for appellant.

*John T. McCurdy*, for appellee.

MOORE, J.· This is an action of trover commenced in justice's court, and afterwards appealed to the circuit court, where plaintiff obtained judgment. There are upwards of 70 assignments of error.

The plaintiff was at one time the owner of a quantity of blacksmith tools, upon which he gave to the defendant a chattel mortgage in the sum of $27. Foreclosure proceedings were commenced, and it is the claim of plaintiff that,

before sale, he arranged with the defendant that the latter might take charge of the tools, and the plaintiff was to have a year therefrom in which to pay the amount due upon the mortgage; that, before the year was up, he tendered the amount due, which tender was refused. It was the claim of the defendant that the chattel mortgage was foreclosed; that he became the purchaser; that plaintiff acquiesced in the sale; that the tools were not worth to exceed the amount of the debt; that, before the alleged tender, he had offered to sell the tools back to the plaintiff for $25; that plaintiff declined this offer, and, after he had done so, defendant sold some of the tools to other persons, and for that reason could not let plaintiff have them when he made his tender. He also claimed that, upon plaintiff's own theory, the alleged tender was not sufficient, as it included nothing for the expenses of caring for the tools.

The judge charged the jury the only question for them was the measure of damages. In this we think he erred, in view of the claim of defendant.

The plaintiff was sworn on his own behalf, and testified the tools were worth $185. On the cross-examination counsel sought to have the plaintiff identify certain tools which were shown him, and to learn from him what value he placed on those tools; claiming they were part of the tools taken by defendant. He was not allowed to do so. We think this was proper cross-examination, and should have been allowed.

The defendant also sought to show that, through the agency of his sister, plaintiff negotiated for a purchase of the tools, and that defendant offered to take $25 for them, and that this occurred after the alleged foreclosure and before the alleged tender. We think this was competent testimony as bearing, not only upon the value of the tools, but upon the truth of the claim of plaintiff that the mortgage was not foreclosed, and that the time of payment had been extended in his favor for a year.

The questions involved in the case are simple, but for some reason a good deal of friction was developed between

counsel, and between the court and counsel, which it would seem might be avoided.

We do not deem it necessary to refer further to the other assignments of error. They are either not well taken, or are such as will not occur again.

Judgment is reversed, and new trial ordered.

The other Justices concurred.